United States District Court
District Of Maine

| | | |
|---|---|---|
| RyiSHisa D. Morris, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Docket No. |
| | ) | |
| The Fish Shack, LLC, | ) | |
| d/b/a Boone's Fish House and | ) | |
| Oyster Room, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

### Complaint and Demand For Jury Trial and Injunctive Relief Sought

Plaintiff RyiSHisa D. Morris brings this civil rights action against Defendant The Fish Shack, LLC, doing business as Boone's Fish House and Oyster Room, LLC ("Boone's Fish House").

### Summary

1. Ms. Morris, a woman of color, was denied service and treated as a second-class customer at Boone's Fish House, a popular Portland restaurant. It should have been an especially happy occasion for Ms. Morris, who was there to celebrate her birthday. Boone's Fish House staff refused to serve the birthday cake and refused to serve drinks to Ms. Morris and her guests at the restaurant's upstairs bar.

2. Boone's Fish House staff specifically complained about serving "the black party," meaning Ms. Morris and her racially diverse guests, told them the restaurant was not their "kind of place," and encouraged them to go somewhere more their "crowd." Morris and her guests were ultimately forced to leave.

## Parties

3. Plaintiff, RyiSHisa D. Morris, is a citizen of the United States.

4. Defendant, the Fish Shack, LLC, doing business as Boone's Fish House and Oyster Room, LLC, is a corporation doing business in Maine and organized under the laws of the State of Maine.

## Jury Trial Demand

5. Under Fed. R. Civ. P. 38(b), Plaintiff demands trial by jury on all issues triable by a jury.

## Jurisdiction and Venue

6. This action arises under 42 U.S.C. § 1981, 42 U.S.C. § 2000a(a), and 5 M.R.S. §§ 4591-92. This Court has proper subject matter jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state-based claims.

7. Venue is proper in the District of Maine under 28 U.S.C. § 1391. Under Rule 3(b) of the Rules of this Court, this action is properly filed in Portland because Defendant's place of business is in Cumberland County.

## Facts

8. On February 13, 2015, Ms. Morris and about 20 guests met to celebrate her birthday at Boone's Fish House, a restaurant in Portland, Maine.

9. Ms. Morris had planned ahead, making the 8 p.m. dinner reservation about two weeks in advance.

10. Ms. Morris's party was a racially diverse group.

11. Ms. Morris is Black and Native American.

12. The rest of the guests in her party were from many racial backgrounds, including Dominican, Haitian, Jamaican, Puerto Rican, Loatian, Vietnamese, and White.

13. Some of Ms. Morris's guests travelled from out of state to join the birthday celebration.

14. Boone's Fish House provided Ms. Morris's party with noticeably second-class service during dinner, including not responding at all when her guests of color asked for service.

15. Ms. Morris and her guests had to wait about an hour for any attention from the wait staff, for example, having their water glasses filled.

16. After finally getting some attention from wait staff, Ms. Morris and her guests had to wait about another hour to place their food orders, and an additional hour for their food to arrive.

17. In response to the conspicuously bad service being provided to the guests of color, one of Ms. Morris's white guests tried to place an order for the entire party.

18. When the Manager brought out Ms. Morris's food, he dropped her plate down on the table with such force that half the food bounced off the plate.

19. Some of Ms. Morris's guests began eating their food before realizing they had the wrong orders. When they brought this to the attention of the wait staff, the wait staff just switched the plates around and gave some people plates that had been eaten from.

20. Ms. Morris's guests complained to the wait staff about getting plates that had been already eaten from.

21. The wait staff eventually agreed to take the half eaten plates away and not charge the guests for those meals.

22. The wait staff did not replace the half eaten plates with correct orders, so those guests went without food.

23. Ms. Morris's boyfriend was never served any food at all.

24. The all-white tables around them, including an all-white party nearby also celebrating a birthday, received noticeably much better, more attentive service.

25. Boone's Fish House regularly permits parties to bring their own cakes into the restaurant, for which it charges a "cake-cutting fee."

26. One of Ms. Morris's guests brought a surprise birthday cake to the restaurant for the celebration.

27. Boone's Fish House refused to serve the cake to Ms. Morris and her guests.

28. Boone's Fish House staff served a cake to a nearby all-white party celebrating a birthday.

29. Some additional guests arrived as the dinner group was closing out its tab for the "reverse happy hour" part of Ms. Morris's birthday celebration.

30. Boone's Fish House offers a happy hour starting at 10:00 p.m. at its upstairs bar.

31. After dinner, Ms. Morris and her guests went upstairs for the "reverse happy hour."

32. One late-joining guest, while walking into the restaurant, passed a man outside complaining about the "black party" inside. This man was a member of the Boone's Fish House staff.

33. This same late-joining guest then saw the same member of the wait staff who had complained about the "black party" talking to another Boone's Fish House staff member at the upstairs bar about refusing service to Ms. Morris and her party.

5

34. Ms. Morris identified this Boone's Fish House staff member who complained about the "black party" as the Manager.

35. Once upstairs at the bar, the bartender told Ms. Morris and her guests that they had been "cut off" and that he would not serve them alcohol.

36. The Manager approached and told Ms. Morris and her guests that they were being cut off because they were intoxicated. And he said that he would call the police if Ms. Morris got loud with him.

37. Ms. Morris was not intoxicated and neither were her guests.

38. In an attempt to resolve the misunderstanding, Ms. Morris asked the Manager to speak with his supervisor.

39. The Manager denied Ms. Morris's request to speak to his supervisor.

40. Ms. Morris tried to speak further with the Manager about his decision to deny her and her guests service. While trying to get the Manager's attention, she reached out and lightly touched the Manager's arm.

41. The Manager jumped back and yelled, "Don't touch me."

42. The Manager told Ms. Morris and her party that they needed to leave the premise immediately or else he would call the police.

43. A Boone's Fish House staff member told one of Ms. Morris's guests: "This isn't your kind of place, you should go somewhere else more your crowd."

44. Ms. Morris suffered loss of self-confidence, frustration, humiliation, embarrassment, emotional pain and distress, inconvenience, loss of enjoyment of her life, and injury to her reputation over this interference with her right to make and enforce contracts and denial of equal access to a place of public accommodation.

45. After this humiliating and degrading public incident in front of so many of her closest friends, Ms. Morris decided to relocate to Massachusetts to avoid further large-scale race discrimination. She has family members in Maine and leaving them was difficult.

## Administrative Exhaustion

46. On September 18, 2015, Ms. Morris filed a complaint of race and national origin discrimination, and denial of equal access to public accommodation against Boone's Fish House with the Maine Human Rights Commission.

47. On August 16, 2017, the Maine Human Rights Commission issued Notice of a Right to Sue to Ms. Morris.

48. Under 5 M.R.S. §4622, Ms. Morris has satisfied one or more of the prerequisites to be awarded attorney fees and all available damages under the Maine Human Rights Act.

49. Ms. Morris has exhausted all administrative remedies for all claims in this action that require administrative exhaustion.

## Legal Claim

### Denial of the right to make and enforce contracts and full and equal enjoyment and access to a place of public accommodation

50. The allegations in paragraphs 1-49 are realleged.

51. Boone's Fish House has intentionally discriminated against Ms. Morris (1) because of her race in violation of her right to: make and enforce contracts under 42 U.S.C. § 1981; (2) because of her race and national origin in violation of her right to the full and equal enjoyment of public accommodation under 42 U.S.C. § 2000a(a); and (3) because of her race and national origin in violation of her right to the equal access to public accommodation under 5 M.R.S. §§ 4591-92.

52. Boone's Fish House owns and operates a restaurant whose operations affect commerce and is a public accommodation as defined by 42 U.S.C. § 2000a(b)(2) and 5 M.R.S. § 4553(8).

53. Boone's Fish House has violated Plaintiff's rights by unlawfully discriminating against her on the basis of her race and national origin by denying her full and equal enjoyment of the services, facilities, and accommodations of Boone's Fish House.

54. Boone's Fish House has violated Plaintiff's right to make and enforce contracts based on her race by refusing to provide her with the cake-cutting

service or serve her alcohol at the upstairs bar or to provide her with equal services generally.

55. As a direct and proximate result of Boone's Fish House's intentional discrimination, denial of equal access in a public accommodation, and violation of the right to make and enforce contracts, Ms. Morris has suffered and will continue to suffer damages, including, but not limited to, loss of self-confidence, frustration, humiliation, embarrassment, emotional pain and distress, inconvenience, loss of enjoyment of her life, injury to reputation, and other pecuniary and non-pecuniary losses. Wherefore, Plaintiff requests relief against Boone's Fish House as follows:

(a) Declare that Boone's Fish Houses violated Ms. Morris's statutory civil rights to make and enforce contracts, full and equal enjoyment of public accommodation, and equal access to public accommodation;

(b) Enter injunctive relief ordering Boone's Fish House to:

- provide effective civil rights training for all employees and all supervisors on the requirements of all applicable laws prohibiting discrimination because of race or national origin and complete this training within 60 days of the entry of Judgment for Injunctive Relief;

- provide this training for two years after the date judgment is entered to all new and supervisory employees within 60 days of their starting the position;

- maintain attendance sheets identifying each person who attended each training session and forward a copy of the attendance sheets to Plaintiff's counsel within seven days of each training session;

- post at each of its worksites a copy of a remedial notice detailing the judgment in this case as well as the order providing injunctive relief;

- send a letter printed on Boone's Fish House's letterhead and signed by the Boone's Fish House to all of Boone's Fish House's employees advising them of the judgment in this case, enclosing a copy of their policies regarding discrimination, and stating that they will not tolerate any such discrimination or denial of public accommodations, and will take appropriate disciplinary action against any employee or agent of Boone's Fish House who engage in such discrimination;

(c) Award compensatory damages in amounts to be determined at trial by the jury and prejudgment interest thereon;

(d) Award punitive damages in amounts to be determined at trial by the jury and prejudgment interest thereon;

(e) Award Plaintiff full costs and reasonable attorneys' fees; and

(f) Award such further relief as is deemed appropriate.

Date:   November 14, 2017                    Respectfully submitted,

/s/ David G. Webbert
David G. Webbert, Esq.
Johnson, Webbert & Young, L.L.P.
160 Capital Street, P.O. Box 79
Augusta, Maine 04332-0079
(207) 623-5110
dwebbert@work.law

/s/ Jeffrey Neil Young
Jeffrey Neil Young, Esq.
Johnson, Webbert & Young, L.L.P.
160 Capital Street, P.O. Box 79
Augusta, Maine 04332-0079
(207) 623-5110
jyoung@work.law

/s/ Valerie Z. Wicks
Valerie Z. Wicks, Esq.
Johnson, Webbert & Young, L.L.P.
160 Capital Street, P.O. Box 79
Augusta, Maine 04332-0079
(207) 623-5110
vwicks@work.law

*Attorneys for Plaintiff*